■ JOHN ARONNE, Also Known as JOHN ARONI, Appellant, v. IDA ARONNE, Also Known as IDA ARONI, Respondent.— In an action to set aside a deed alleged to have been obtained by fraud, and for other relief, the appeal is from an order insofar as it grants summary judgment dismissing the complaint on the ground that the action had been released. Order, insofar as appealed from, unanimously affirmed, with $10 costs and disbursements. No opinion. Present — Beldock, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

■ A. MORTON BALIBA, Individually and on Behalf of Stockholders of ROBERTA HOMES, INC., and Other Corporations, Respondent, v. ISIDORE MICHAEL, Appellant, et al., Defendants.— In an action for an accounting, to recover for professional services, and for other relief, the appeal is from an order denying a motion to dismiss for insufficiency the first and second causes of action contained in the complaint, and to strike from the complaint paragraphs "Twenty-sixth" and "Thirty-fourth" as irrelevant and redundant, and as tending to prejudice, embarrass or delay the fair trial of the action, pursuant to rules 106 and 103 of the Rules of Civil Practice, respectively. Order modified by striking from the ordering paragraph the words "in all respects denied" and by substituting in lieu thereof the words "granted to the extent of striking out paragraph 'Thirty-fourth' and is in all other respects denied." As so modified, order affirmed, with $10 costs and disbursements to respondent. In our opinion, the incorporation by reference of the first and second causes of action into the third cause for professional services is improper. Beldock, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ CHARLES V. BERLIN et al., Appellants, v. HOMER HARMAN, INC., et al., Respondents.— The complaint alleges that in order to induce appellants to purchase certain lands and dwelling houses to be erected thereon by respondents in a residential development known as Kings Point Estates, in the village of Kings Point, respondents agreed to construct a park and swimming pool in the development for the exclusive use of appellants and other residents of the Kings Point Estates; that respondents agreed to maintain the pool without charge to appellants for a period of one year; that respondents agreed to construct the park and pool on a tract of land within the development, and that respondents failed to perform, and are negotiating for the sale of the land upon which the park and pool were to be constructed. The relief sought is: (1) that respondents be compelled to specifically perform the contract alleged in the complaint; (2) that a lien be impressed upon the property for such an amount as may be deemed the value of the land with a park and pool erected thereon, and (3) that respondents be restrained from selling or encumbering the real property upon which the park and pool were to be constructed. The appeal is from an order dismissing the complaint for insufficiency, with leave to plead over. Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. The complaint states facts sufficient to constitute a cause of action. (*Phillips* v. *West Rockaway Land Co.,* 226 N. Y. 507; *Hofmann* v. *Hofmann,* 172 Misc. 378, affd. 259 App. Div. 820, mod. on other grounds, 283 N. Y. 730.) Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ., concur.